United States District Court
Southern District of Texas
**ENTERED**
September 01, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Case 2:11-cr-00598 |
| | § | |
| FERNANDO MARTINEZ-ARIAS | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Fernando Martinez-Arias' *Pro Se* Emergency Motion for Compassionate Release. (Dkt. No. 23). After reviewing the Motion, the record, and the applicable law, the Court is of the opinion that it should be **DENIED**.

### I. BACKGROUND

In 2011, Defendant pled guilty to possession with intent to distribute 1,850.4 kilograms of marijuana. He has served roughly 110 months (68%) of his 162-month sentence and has a projected release date, after good time credit, of December 1, 2022. Defendant now moves the Court for compassionate release because his underlying medical conditions (diabetes, hypertension, and high cholesterol) make him particularly vulnerable to severe illness or death should he contract COVID-19 while in prison. He states that the Bureau of Prisons (BOP) "started the home confinement plan for my release, but it's all on the shelf now and has been going on for almost two months." (Dkt. No. 23 at 4). As a result, the secretary processing Defendant's home confinement paperwork told him that he "would be better off writing the courts for compassionate release." (*Id.* at 2).

### II. LEGAL STANDARD

Defendant cites no authority for his motion; however, 18 U.S.C. § 3582(c)(1)(A) authorizes a court to reduce a defendant's sentence under limited circumstances:

**(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
    (1) in any case—
        (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
            (i) *extraordinary and compelling reasons warrant such a reduction ...* and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

**(A) Medical Condition of the Defendant.**—
    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—
        (I) suffering from a serious physical or medical condition,
        (II) suffering from a serious functional or cognitive impairment, or
        (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**
    The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

2

 **(C) Family Circumstances. –**
  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

 **(D) Other Reasons. –**
  As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the

3

defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

Defendant is 58 years old and has served 68% of his sentence. The crux of his motion is that his underlying medical conditions—diabetes, hypertension, and high cholesterol—make him particularly vulnerable to severe illness or death should he contract COVID-19 while in prison.[1]

---

[1] According to the Centers for Disease Control and Prevention, older adults (age 65 and above) and people of any age who have certain underlying medical conditions are at higher risk for severe illness from COVID-19. *People with Certain Medical Conditions*, CDC (July 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. People of any age with the following conditions *are* at increased risk of severe illness from COVID-19: Cancer, Chronic kidney disease; COPD (chronic obstructive pulmonary disease); Immunocompromised state from solid organ transplant; Obesity; Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; Sickle cell disease; and Type 2 diabetes mellitus. People with the following conditions *might be* at an increased risk for severe illness from COVID-19: Asthma (moderate-to-severe); Cerebrovascular disease; Cystic fibrosis; Hypertension; Immunocompromised state from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines; Neurologic conditions, such as dementia; Liver disease; Pregnancy; Pulmonary fibrosis; Smoking; Thalassemia; and Type 1 diabetes mellitus.

He states that he "sent an email to the Warden over 2 months ago, but got no reply or denied." (Dkt. No. 23 at 5).

While Defendant claims to seek release to protect himself from contracting COVID-19, his medical records show that he tested positive for SARS-CoV-2, the novel coronavirus that causes COVID-19, on June 24, 2020. (Dkt. No. 23-1 at 6). Two weeks later, on July 10, 2020, he tested negative for SARS-CoV-2. (*Id.* at 7).[2] Defendant's motion does not mention his COVID-19 diagnosis, although he was aware of his diagnosis at the time he filed his motion. There is also nothing to indicate that he ever became severely ill.

The Court finds that extraordinary and compelling reasons do not exist in this case. Even if they did, Defendant has failed to offer any evidence supporting his claim that he attempted to exhaust his administrative remedies within the BOP before filing the current motion. "Courts in the Southern District of Texas have ruled that defendants who move for compassionate release still need to initially petition the BOP and, subsequently, fully exhaust their administrative rights to appeal or wait for 30 days to lapse from such a petition in order to bring a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)." *United States v. Gomez*, 2020 WL 2061537, at *1 (S.D. Tex. Apr. 29, 2020) (citing *United States v. Licciardello*, 2020 WL 1942787 (S.D. Tex. Apr. 22, 2020); *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020)). Because Defendant has not demonstrated that he has complied with the exhaustion requirements under § 3582, his motion is not ripe for review, and the Court is without jurisdiction to grant it.

---

[2] It is unclear whether Defendant is now immune to COVID-19. "It is currently unknown whether antibody responses or T-cell responses in infected people confer protective immunity, and if so, how strong response is needed for this to occur." *Immune responses and immunity to SARS-CoV-2*, European Centre for Disease Prevention and Control, https://www.ecdc.europa.eu/ en/covid-19/latest-evidence/immune-responses (last visited Aug. 11, 2020). "[I]t's also not clear how long [COVID-19 antibodies] linger." *How Long Will Immunity to the Coronavirus Last*, NPR (Jul. 23, 2020), https://www.npr.org/sections/health-shots/2020/07/23/894670842/how-long-will-immunity-to-the-coronavirus-last.

5

## IV. CONCLUSION

For the foregoing reasons, Defendant's *Pro Se* Emergency Motion for Compassionate Release (Dkt. No. 23) is **DENIED**.

It is SO ORDERED.

Signed this 1st of September, 2020.

                                               **DREW B. TIPTON**
                                       **UNITED STATES DISTRICT JUDGE**